**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES STEINES,** a Minor, by his Parents and Natural Guardians, **ANN MUNSON STEINES** and **MICHAEL STEINES,** : : : | Case No. 1:14-cv-525 Judge | |
| Plaintiffs, : : | | |
| vs. : : | **PLAINTIFFS' VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND** | |
| **OHIO HIGH SCHOOL ATHLETIC ASSOCIATION** 4080 Roselea Place Columbus, Ohio 43214, : : : : : | **MONETARY DAMAGES WITH** <u>**JURY DEMAND ENDORSED HEREON**</u> | |
| Defendant. : | | |

## **PARTIES**

1. Plaintiff Charles Steines, a Minor, and his Parents and Natural Guardians, Ann Munson Steines and Michael Steines, are residents of Villa Hills, Kentucky. Charles Steines is enrolled to attend The Summit Country Day School ("Summit") in Hamilton County, Ohio beginning in August 2014.

2. Defendant Ohio High School Athletic Association ("Defendant" or "OHSAA") is a non-profit athletic administration organization which regulates student participation in Ohio high school athletic programs through its administration of interscholastic athletic competition. OHSAA regulates the athletic program for Summit and other schools in Hamilton County, Ohio.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Counts I and II arise under the laws of the United States, <u>viz.,</u> including the Americans with Disabilities Act, 42 U.S.C. §§ 12111, as amended, and Section 504 of the Rehabilitation Act.

4. Venue is proper in this Division and District because the events giving rise to this action occurred in this Division and District and Plaintiff, Charles Steines, a Minor, is currently being prevented from playing athletics in this Division and District due to Defendant's failure to accommodate his disability.

## FACTS

5. Charles Steines was diagnosed with learning disabilities, including Attention Deficit Hyperactivity Disorder ("ADHD") and an auditory processing issue in February of 2005. Ann and Mike Steines had him tested after they noticed that their son often came home from Kindergarten at a school in Villa Hills, Kentucky exhausted and unhappy.

6. Upon his diagnosis, Ann and Mike Steines learned of the Springer School and Center ("Springer") in Cincinnati, Ohio.

7. Springer is one of less than two dozen schools nationwide that offers an education for grades one through eight exclusively to children with learning disabilities. It has approximately 200 students from Ohio, Kentucky and Indiana.

8. Ann and Mike Steines enrolled their son Charles at Springer for the 2005/2006 school year.

9. Each December, through Parent/Teacher conferences, Springer makes recommendations as to whether the student should continue at Springer the next school year.

10. For five years, the teachers and Springer recommended that Charles continue his education at Springer.

11. During his sixth year, the teachers and staff at Springer informed Ann and Mike Steines that Charles could leave Springer if, and only if, they could find a school that could offer him the significant support that he needed to succeed.

12. After a diligent search of schools in both Kentucky and Ohio, the Steines selected St. Ursula Villa in Cincinnati because of its small class sizes and extremely engaged teachers. Further, St. Ursula Villa had one period each day, called Communication Arts, which was supervised by a Learning Intervention Specialist and devoted to reviewing challenging material, organizing homework and preparing for tests. St. Ursula Villa also allowed for the use of a laptop during class (something that served Charles well in sixth grade at Springer). Finally, St. Ursula Villa had a strong reputation for academics.

13. Charles Steines enrolled at and attended St. Ursula Villa for the seventh and eighth grade. His teachers and professional learning support staff at St. Ursula Villa strongly recommended that Charles look for a similar environment for his high school education.

14. Ann and Mike Steines again conducted a thorough review of high schools in both Kentucky and Ohio. Their review revealed that the high school most similar to St. Ursula Villa was Summit. Summit has small class sizes, a resource program similar to the Communication Arts program at St. Ursula Villa, offered five days every two weeks, a technology platform that permitted and supported the use of laptops and electronic notebooks and a strong reputation for academics. Finally, Summit offers a college guidance program that is considered among the best in Cincinnati - a key benefit for a student with learning disabilities.

15. Throughout Charles Steines' childhood, the ability to participate in sports has positively impacted his social skills and self-image. Often learning disabilities negatively impact a child's social skills and self-image. Through his participation in sports, Charles has created opportunities to grow his self-confidence and ability to make friends. Further, playing sports has positively impacted Charles' behavior, attendance and academic performance.

16. Archbishop Moeller and St. Xavier High Schools also accepted Charles Steines for high school admission. Both high schools have nationally recognized athletic programs. However, the Steines family chose Summit.

17. Defendant's Bylaws specifically prevent out of state residents from participating in high school sports unless the student meets at least one of ten enumerated eligibility exceptions. Two exceptions provide the following:

> Bylaw 4-6-3, Exception 3
> A student who enrolls at the first grade level in a school consisting of 1-12 and who maintains continuous enrollment shall be eligible for inter scholastic athletics in grades 7-12 in that school regardless of place or state of residence of parents.

> Bylaw 4-6-3, Exception 4:
> A student who resides within the boundaries of a parochial school system consisting of grades 1-12 that has multiple sites organized into elementary schools (1-8) and secondary schools (9-12), and who has enrolled by fourth grade level of an elementary school in that system and has maintained continuous enrollment in that school system through grade 8, shall be eligible for interscholastic athletics in grades 9-12 providing the secondary school attended by the student is the school designated by the school system for the continuance of the student's educational program. (See Exhibit 1.)

18. On February 10, 2014, Ann and Mike Steines reached out to Daniel B. Ross, Ph.D., Commissioner of OHSAA and requested an accommodation for Charles.

19. By attending Springer, a school designed for children with learning disabilities, through grade six, the year Charles' teachers and professional learning support staff finally released him to attend another school, Charles was prevented by OHSAA's Bylaws to play sports in high school, even though he attended school in Ohio for grades one through eight, and planned to attend an Ohio high school, one which was carefully chosen in consideration of the accommodations of Charles' learning disabilities.

20. On February 24, 2014, Defendant denied the request.

21.     On March 7 and again on April 3, 2014, Ann and Mike Steines requested an accommodation for Charles and allow him to play sports as OHSAA's Bylaws subjected Charles (and others with learning disabilities who attend Springer) to a denial of the opportunity to participate in or benefit from the privileges or advantages offered by OHSAA to other non-disabled non-resident students.

22.     On May 5, 2014, Defendant again refused to accommodate Charles Steines.

23.     Defendants Bylaws have the effect of discriminating against a class of individuals on the basis of disability in violation of the Americans with Disabilities Act.

24.     As a result of Defendant's unlawful conduct Plaintiffs have suffered and continue to suffer irreparable, incalculable harm.

### REQUEST FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

25.     The preceding paragraphs are incorporated herein by reference.

26.     Plaintiffs request that this Court issue judgment declaring the OHSAA Bylaws, which prohibit Charles Steines from participating in athletics at Summit, discriminatory as they apply to Charles Steines, a disabled Minor.  Plaintiffs further request that this Court issue a temporary restraining order, and preliminary and permanent injunction ordering Defendant to accommodate Charles Steines by allowing him to play sports at Summit.

### COUNT I

**(Disability Discrimination/Failure to Accommodate - ADA)**

27.     Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

28.     Plaintiff Charles Steines is substantially limited in his ability to learn and is otherwise disabled as defined by the ADA, as amended.  Plaintiff Charles Steines is otherwise qualified to participate in athletics at Summit as he is a proficient athlete.

29. Defendant is a "public entity" as defined by 42 U.S.C. § 12132 as it is a nonprofit association that is sanctioned by state law, is the official athletic association of the state, has a permanent ex officio member of the State Board of Education on its governing board, and is composed of primarily public schools and frequently uses public facilities.

30. Defendant is a private entity that operates places of public accommodation, including, but not limited to, stadiums, places of recreation, and places of entertainment as defined by 42 U.S.C. § 12186(b).

31. Defendant's Bylaws exclude Plaintiff Charles Steines from participation in Summit's athletic program based on Plaintiff Steines' disabilities.

32. Defendant denied Plaintiff the ability to participate in activities, and denied him benefits, and discriminated against him by reason of such disability.

33. Defendant denied Plaintiff Steines' reasonable requests for access and accommodation for his disability.

34. None of the accommodations and access requested and/or required by Plaintiff Steines presented an undue burden or fundamentally altered Defendant's program.

35. Defendant's conduct was intentional, willful, in bad faith, malicious, constituted gross misjudgment, and was in reckless disregard of Plaintiff Steines' legal rights.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered injuries and damages for which they are entitled to recovery and injunctive relief.

## COUNT II

**(Disability Discrimination/Failure to Accommodate - Rehabilitation Act)**

37. Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff Charles Steines is a disabled minor. Plaintiff Charles Steines is otherwise qualified to participate in athletics at Summit as he is a proficient athlete.

6

39. Upon belief, Defendant is a recipient of federal funds as defined by §504 of the Rehabilitation Act.

40. Defendant's Bylaws exclude Plaintiff Charles Steines from participation in Summit's athletic program based on Plaintiff Steines' disabilities.

41. Defendant denied Plaintiff the ability to participate in activities, and denied him benefits, and discriminated against him by reason of such disability.

42. Defendant denied Plaintiff Steines' reasonable requests for access and accommodation for his disability.

43. None of the accommodations and access requested and/or required by Plaintiff Steines presented an undue burden or fundamentally altered Defendant's program.

44. Defendant's conduct was intentional, willful, in bad faith, malicious, constituted gross misjudgment, and was in reckless disregard of Plaintiff Steines' legal rights.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered injuries and damages for which they are entitled to recovery and injunctive relief.

## COUNT III

### (Disparate Impact - Disability Discrimination)

46. Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

47. Defendant's Bylaws, which prohibit out of state students from participating in athletics in high school unless they attend a school since the first grade or a parochial school since the fourth grade, has a disproportionate adverse effect on individuals with learning disabilities in violation of the ADA. Springer is a school designed for children grades 1 – 8 and does not have a high school program. In addition, Springer is not a parochial school; therefore, any non-resident student attending Springer beyond the third grade would be prohibited from playing sports in high school, regardless of which high school they attended.

48. Upon notification of this discriminatory impact, Defendant refused to accommodate Plaintiff Charles Steines and allow him to participate in athletics.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered injuries and damages for which they are entitled to recovery and injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Defendant accommodate Plaintiff Steines by allowing him to play sports at Summit as an eligible participant;

(c) The Plaintiffs be awarded compensatory damages;

(d) That Plaintiffs be awarded pre-judgment interest;

(e) That Plaintiffs be awarded reasonable attorneys' fees and costs; and

(f) That Plaintiffs be awarded all other legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ *Randolph H. Freking*
Randolph H. Freking (0009158)
John P. Concannon (0024131)
Katherine Daughtrey Neff (0082245)
Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
PH: 513-721-1975/FAX: 513-651-2570
*randy@frekingandbetz.com*
*jconcannon@frekingandbetz.com*
*kneff@frekingandbetz.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ *Randolph H. Freking*