UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHARLES STEINES,** a Minor, by his Parents and Natural Guardians, **ANN MUNSON STEINES** and **MICHAEL STEINES**, : : : : Plaintiffs, : : vs. : : **OHIO HIGH SCHOOL ATHLETIC ASSOCIATION**, : : : : Defendant. : | Case No. 1:14CV525 Chief Judge Susan J. Dlott **TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order. (Doc. 2.) This case involves Charles Steines, a minor who resides in Kentucky and who was diagnosed with learning disabilities early in life. Upon his diagnosis, Steines' parents enrolled him in the Springer School and Center in Cincinnati, Ohio. The Springer School is one of less than two dozen schools in the nation that offers an education exclusively for children with learning disabilities from grade one through eight. Steines has attended school in Ohio since the first grade, and he has been active in sports during that time. Steines' parents maintain that the ability to participate in sports has made a positive impact on his social skills, self-image, behavior, attendance, and academic performance.

Plaintiff recently enrolled in high school and seeks to participate in his school's athletic program. However, he has been informed that his participation is prohibited under the Ohio High School Athletic Association's Bylaw 4-6-3 because he resides in Kentucky. The bylaw in question generally prohibits out-of-state students from participation in Ohio athletic programs and has no fewer than ten exceptions, none of which directly apply to Steines. Plaintiffs allege

1

that the effect of the law is to deny students with disabilities who attend Springer the opportunity to participate in or benefit from the privileges and advantages offered by the Ohio High School Athletic Association to non-disabled students. Accordingly, Plaintiffs challenge the Athletic Association's bylaws on the basis that they have the effect of discriminating against a class of individuals on the basis of disability, in violation of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

Plaintiffs filed their Complaint (Doc. 1) and the Motion for a Temporary Restraining Order, Preliminary and Permanent Injunction (Doc. 2) on June 25, 2014. The Court held a telephonic status conference on June 25, 2014, and Defendant filed a memorandum in opposition to Plaintiffs' motion on June 27, 2014. The Court has scheduled a preliminary injunction hearing for July 30, 2014. In the meantime, Plaintiffs request a temporary restraining order to ensure that Steines is not prevented from participating in his school's athletic program during the short period prior to the Court's decision on the motion for preliminary injunction.

The Court has reviewed the pleadings and attached exhibits and has weighed the four factors that the Court must consider when deciding whether to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65.[1] Based on the facts before the Court at this time, the Court finds that Plaintiffs have demonstrated a strong likelihood of success on the merits on their disability discrimination claims. The Court further finds that, given the importance of sports to Steines' social development and self-esteem, there is a strong likelihood that Steines will suffer irreparable injury if he is excluded from participating in his high school's athletic program during the course of the summer. In contrast, the Court finds no risk that the issuance of

---

[1] The four factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

temporary injunctive relief would cause substantial harm to others.  Finally, the Court finds that such relief, to the extent it serves to prevent against discrimination on the basis of disability, serves the public interest.

Accordingly, the Court hereby **TEMPORARILY ENJOINS** Defendant Ohio High School Athletic Association from threatening or seeking to enforce Bylaw 4-6-3 against Steines, pending the Court's decision on a preliminary injunction in this case.

**IT IS SO ORDERED.**

      S/Susan J. Dlott_____
      Chief Judge Susan J. Dlott
      United States District Court